(46 Misc. Rep. 370.)

## In re DONOHUE'S ESTATE.

(Surrogate's Court, Kings County. February, 1905.)

1. WILL—CONSTRUCTION—PROPERTY BEQUEATHED.

A will provided for certain specific legacies, and bequeathed all the personal effects belonging to testator in a particular warehouse to a certain person. In no other place in the will did testator use the words "personal property." *Held*, that the beneficiary was entitled to all the personal property of testator after the payment of the specific legacies.

2. SAME—EVIDENCE OF INTENT.

The affidavit of a person who received the instructions of testator as to his will cannot be introduced to show that testator intended by a bequest to limit it to such personal effects as were at the time of his death in a certain warehouse.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1023, 1032.]

In the matter of the estate of George W. Donohue. Motion to compel the executors to pay over a legacy given by a will. Decree directing payment.

John C. Judge (Martin Littleton, of counsel), for plaintiff.
Boardman, Platt & Soley, for executors.

CHURCH, S. This is a motion by a legatee's representative to compel the executors to pay over a legacy given under the following clause of the will: "I give and bequeath all the personal effects belonging to me and on storage in the warehouse located on Schemerhorn Street, near Third Avenue, in the borough of Brooklyn, city of New York, to Mrs. Judge, the daughter of David S. Stewart"—contending that said legatee is entitled to all of the personal property of the deceased after the specific legacies are paid. The counsel for the executors contend, however, that the above provision is limited to such personal effects as were in the warehouse at the time of testator's death.

Before taking up for consideration the meaning of this clause, the executors submit an affidavit of the person who received the instructions in regard to the will from the testator, and claims that it shows conclusively that the testator meant and intended this clause to have the same effect as that now asked by said executors. This evidence is clearly incompetent. The rule is clearly stated in Gardner on Wills:

"Sec. 105. The writing in which the will must be expressed, contains the only testamentary intention that the law will effectuate. This intention must be found within the four corners of the instrument or nowhere. Hence intrinsic evidence is inadmissible to show an intent not contained in the document itself."

"Sec. 109. No extrinsic evidence is admissible to disclose an intent of the testator as a fact, independent of the language of the will. It must be received as explanatory thereof or not at all."

Or, as another writer puts it, the question in construing a will is not what the testator meant, as distinguished from what his words express, but simply what is the meaning of his word. Wigram, Wills, 53. The counsel for the executors quotes no authority in

support of the admission of this evidence, and evidently has submitted the same not in the belief that it is competent, but that by spreading before the court a declaration as to the intent of the testator the court may be influenced thereby notwithstanding its incompetency. The paragraph in question is very carelessly drawn, as, if it was the testator's instruction to draw a will giving to this legatee simply the property at the warehouse, it could have been done in very simple language, while, if he had intended to give her all his personal effects, that could have been simply done without there being any doubt as to his intention. In taking up the construction of these words we have the primary rule that the intent of the testator is to control, but in determining that intent we have another well-established rule of construction, viz., that where a gift or devise is made in one part of a will it will not be cut down or abridged by subsequent ambiguous language, and only will be deemed altered by language clearly showing such intention. Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712; Roseboom v. Roseboom, 81 N. Y. 356; Matter of White, 125 N. Y. 544, 26 N. E. 909; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388. That being so, we have in the words "all the personal effects belonging to me" an explicit and comprehensive bequest about which there would be no question but for the words "and in storage, etc." It cannot be said that these words explicitly cut down this bequest, or are words of limitation in themselves, nor is there anything in any other part of the will which indicates any such intention; on the contrary, by referring to the balance of the will, the opposite appears. This clause was not used in the portion of the will in which certain small or limited bequests were contained, but was after all the small specific bequests had been made. Hence we should naturally look for language in the nature of a residuary clause, and the use of broad language such as is used in the first of the sentence. In addition it is to be noted that nowhere else in the will does the testator use the words "personal property." The executors contend that, if we so construe this clause, the words in regard to the "warehouse" are surplusage; but in my opinion they were words of description, and the word "and" could very properly be replaced with the word "including," and it was a natural thing for a testator to state that he had property in a storage warehouse, as, if no such knowledge was given, it was not a place where an executor or legatee would expect to find property. This view is strengthened by the fact that the testator goes on to describe who Mrs. Judge is, and where she resides. Thus in this paragraph of his will he gives all his personal property, describes where a part of it can be found, and who the beneficiary is, and where she can be found.

Let order be entered directing payment to petitioner of all personal property of decedent after payment of specific legacies.

Decreed accordingly.